IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOUGLAS REED,
    Plaintiff,

vs.   Case No.: 3:20cv5451/LAC/EMT

MIRANDA W. SANTIAGO, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Douglas Reed, an inmate of the Florida Department of Corrections, commenced this action on May 5, 2020, by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff named two Defendants in his Complaint, Miranda W. Santiago, a medical doctor at Santa Rosa Correctional Institution, and J. Santiago, an Assistant Warden at Santa Rosa C.I. (*see* ECF No. 1 at 1–3). Plaintiff claimed Defendants were deliberately indifferent to his medical needs, in violation of the Eighth Amendment, by failing to treat his lower back pain with pain medication and medical passes for a back brace and lower bunk assignment (*see id.* at 5–7).

In compliance with the court's statutory duty to screen the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the court issued an order on June 5, 2020, setting forth the facts underlying Plaintiff's constitutional claims and

discussing the reasons why his factual allegations fail to state a plausible claim for relief against either of the named Defendants (*see* ECF No. 6). At the conclusion of the screening order, the court directed Plaintiff to either file an amended complaint which cured the pleading deficiencies or notify the court if he no longer wished to pursue his claims.

The court's screening order crossed in the mail with the instant Motion for Preliminary Injunction. In the instant motion, Plaintiff alleges unnamed security officers at Santa Rosa C.I. are retaliating against him by threatening him, interfering with his access to the law library, and denying him access to the shower (*see* ECF No. 8). Plaintiff requests transfer to a different institution or placement in protective custody (*see id.*).

The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). A plaintiff seeking a preliminary injunction or temporary restraining order must establish four prerequisites: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest."

*Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (preliminary injunction); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (temporary restraining order). A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four requisites. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc); *CBS Broad., Inc. v. Echostar Communc'n Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted).

The purpose of preliminary injunctive relief is to preserve the status quo and prevent irreparable injury until the court can address the merits of the lawsuit. *See All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989); *United States v. State of Ala.*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct at issue in the complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab.*, 72 F.3d 842, 842–43 (11th Cir. 1995).

While the issuance of the court's screening order does not extinguish Plaintiff's request for preliminary injunctive relief, it does tend to show that Plaintiff has not demonstrated, at this stage of the case, a substantial likelihood of success on the merits of his claims against either of the named Defendants.  Due to Plaintiff's failure to satisfy his burden of persuasion on the first prong of the Eleventh Circuit's four-pronged standard, his motion for a preliminary injunction or temporary restraining order should be denied.  *See Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994) (the moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements).

Additionally, the court notes that after Plaintiff filed the instant Motion for Preliminary Injunction, he notified the court that he had been transferred to Walton Correctional Institution (*see* ECF No. 7).  Plaintiff's transfer to another institution has rendered his request for injunctive relief moot.  *See Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) ("The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief."); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to

present a case or controversy once the inmate has been transferred); *McKinnon v. Talladega Cty.*, 745 F.2d 1360, 1363 (11th Cir. 1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief).

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Motion for Preliminary Injunction (ECF No. 8) be **DENIED**.

At Pensacola, Florida, this 18th day of June 2020.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**