UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOUGLAS REED,
    Plaintiff,

vs.                                              Case No.: 3:20cv5451/LAC/EMT

MIRANDA W. SANTIAGO, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Douglas Reed (Reed), an inmate of the Florida Department of Corrections, is proceeding pro se and in forma pauperis in this civil rights case filed under 42 U.S.C. § 1983. Presently before the court is Reed's First Amended Complaint (ECF No.10).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). After careful consideration of the issues presented by Reed, it is the opinion of the undersigned that his claims should be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

I.     BACKGROUND

Reed names two Defendants in this case, Miranda W. Santiago, a medical doctor at Santa Rosa Correctional Institution, and J. Santiago, an Assistant Warden at Santa Rosa C.I. (*see* First Amended Complaint, ECF No. 10 at 2, 7).  Reed claims that Defendants were deliberately indifferent to his medical needs, in violation of the Eighth and Fourteenth Amendments, while he was housed at Santa Rosa C.I. from October of 2019 to June of 2020 (*id.* at 3–5).  Reed seeks monetary damages and injunctive relief (*id.* at 5).

II.    STATUTORY SCREENING STANDARD

Because Reed is a prisoner proceeding in forma pauperis, federal statutes require the court to dismiss this case if the court determines that his allegations fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  The statutory language "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," therefore, dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  The allegations of the complaint are taken as true and construed in the light most favorable to the plaintiff.  *See Davis v. Monroe Cty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997).

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation marks and citation omitted). And "bare assertions" that "amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation marks and citation omitted). Stated succinctly:

>Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

III. REED'S FACTUAL ALLEGATIONS

The court includes factual allegations from Reed's First Amended Complaint (ECF No. 10) and any clarifying facts included in his initial Complaint (ECF No. 1). Reed was previously diagnosed with back pain, degenerative disc disease, and scoliosis (*see* First Amended Complaint, ECF No. 10 at 5, 15).[1] In 2017, Reed received a "fully favorable" decision from the Office of Disability Adjudication and Review of the Social Security Administration (*see* Notice of Filing Exhibits in Support of First Amended Complaint, ECF No. 14 at 3). The correctional institutions where Reed was previously incarcerated, in both the State of New York and the State of Florida, provided him with a back brace for his back condition (*see* First Amended Complaint, ECF No. 10 at 16–18).

When Reed arrived at Santa Rosa C.I. on October 9, 2019, he was issued a seven-day medical pass for a back brace (First Amended Complaint, ECF No. 10 at

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original documents.

Case No.: 3:20cv5451/LAC/EMT

5).  On October 14, 2019, Reed submitted a sick-call request for renewal of this pass and issuance of a lower bunk pass and pain medication (*id.* at 4–5, 19).  Reed alleges by October 19, 2019, he had not been seen by the medical department, so he told a correctional officer and a nurse, who was passing medication to inmates in the housing unit, that he needed medical attention (*see* Complaint, ECF No. 1 at 5–6).  Reed alleges the nurse advised him to contact the institutional Health Services Administrator (HSA), K. Bennett (*id.* at 6).  Reed alleges he wrote to HSA Bennett and also filed an inmate grievance against "the medical doctor at Santa Rosa C.I." (*id.*).  Reed alleges on October 31, 2019, HSA Bennett advised him that a clinician would address his request for medical passes (*id.*).  Reed's October 14 sick-call request was not received by the Santa Rosa medical department until November 6, 2019 (*id.* at 19).

Reed complains that Dr. Santiago never responded to his request for medical passes or pain medication (First Amended Complaint, ECF No. 10 at 5).  He alleges he submitted a formal grievance against Dr. Santiago, but Assistant Warden Santiago denied the grievance (*id.* at 4, 6, 7, 14).  Reed alleges he appealed to the FDOC Secretary, but the appeal was denied (*id.*).  Reed alleges as of May 5, 2020, the date he commenced this civil rights case, he still had not received pain medication or medical passes (*id.* at 4).

As previously noted, Reed claims that Defendants' conduct violated his Eighth and Fourteenth Amendment rights (First Amended Complaint, ECF No. 10 at 3–5). He seeks compensatory and punitive damages (*id.* at 5). Reed also seeks injunctive relief requiring Defendants to provide the medical passes (*id.*). In June of 2020, after Reed commenced this case, he was transferred from Santa Rosa C.I. to another FDOC institution (*see* Notice of Change of Address, ECF No. 7).

## IV. DISCUSSION

The Eighth Amendment prohibits infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. Stating a claim under the clause thus requires satisfying two minima (from which the case law has ultimately derived four requirements). First, there must be, objectively speaking, conduct by public officials "sufficiently serious" to constitute a cruel or unusual deprivation—one "denying 'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Second, there must be a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish. *See Wilson*, 501 U.S. at 300.

In the context of denial of medical care, each of these minima has been more specifically described as encompassing two subsidiary requirements. To show an objectively serious deprivation, it is necessary to demonstrate, first, an objectively

"serious medical need[ ]," *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), one that, if left unattended, "pos[es] a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Second, it is necessary to demonstrate that the response made by the public official to that need was poor enough to constitute "an unnecessary and wanton infliction of pain," and not merely accidental inadequacy, "negligen[ce] in diagnosi[s] or treat[ment]," or even "[m]edical malpractice" actionable under state law. *Estelle*, 429 U.S. at 105–06. Similarly, to show the required subjective intent to punish, a plaintiff must demonstrate that the public official acted with an attitude of "deliberate indifference," *id.* at 105, which is in turn defined as requiring two separate things: "aware[ness] of facts from which the inference could be drawn that a substantial risk of serious harm exists and . . . draw[ing of] the inference," *Farmer*, 511 U.S. at 837. Ultimately, there are thus four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts. *See Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).

Eleventh Circuit cases have given substance to *Estelle*'s distinction between "deliberate indifference" and mere negligence, explicating categories of action or inaction that may constitute deliberate indifference.  The Eleventh Circuit repeatedly found that an official acts with deliberate indifference when he or she knows that an inmate is in serious need of medical care but fails or refuses to obtain medical treatment for the inmate.  *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (citations omitted).

Here, Reed alleges no facts suggesting that Dr. Santiago was subjectively aware of his need for pain medication or medical passes.  The mere fact that Dr. Santiago is the institutional doctor at Santa Rosa C.I., and thus has a duty to provide medical treatment to inmates, does not remotely suggest that Dr. Santiago knew that Reed required medical attention, or that her failure to failure to respond to his request for medical passes and pain medication was due to deliberate indifference as opposed to mere negligence.  Reed has not stated a plausible constitutional claim against Dr. Santiago.

Reed's allegations also fail to state a plausible constitutional claim against Assistant Warden Santiago.  Generally speaking, the warden and any institutional staff who are not medical providers are not liable when they rely on the medical expertise of medical staff.  *See Keith v. DeKalb Cty., Ga.*, 749 F.3d 1034, 1050 (11th

Cir. 2014); *see also Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (a claim of medical indifference cannot generally be against non-medical personnel, unless they personally involved themselves with a denial of treatment or deliberately interfered with the medical treatment).

Further, merely denying a grievance without personally participating in the unconstitutional conduct brought to light by the grievance is insufficient to establish § 1983 liability. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory official who denied administrative grievance and otherwise failed to act based on information contained in the grievance); *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989) (holding that prisoner failed to state § 1983 claim against supervisory officials, where prisoner merely alleged the officials denied his grievance and did not allege they were personally involved in the alleged misconduct), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also, e.g., Brown v. Comerford*, No. 3:13cv572/LAC/CJK, 2014 WL 3586257, at *5 (N.D. Fla. July 21, 2014) ("[M]erely denying a grievance, without personally participating in the

unconstitutional conduct . . . is insufficient to establish § 1983 liability."); *Swift v. Tifft*, No. 3:12cv171/RV/CJK, 2013 WL 5913796, at *9 (N.D. Fla. Oct. 31, 2013) (same).

Reed's factual allegations fail to show, beyond a speculative level, that Assistant Warden Santiago was directly involved in the alleged deprivation of pain medication and medical passes. Therefore, Reed has not stated a plausible claim for relief against this Defendant. *See, e.g., Hoever v. Belleis*, 703 F. App'x 908, 912 (11th Cir. 2017) (dismissing prisoner's claim against supervisors on the ground that prisoner's allegation that supervisors denied grievances against their subordinates "was insufficient to establish that the supervisors instigated or encouraged unlawful conduct.").

V.   CONCLUSION

Reed's factual allegations fail to state a plausible constitutional claim against either Dr. Santiago or Assistant Warden Santiago. This is so despite the court's having previously advised Reed of the relevant legal standards and the pleading deficiencies of his initial Complaint, and the court's providing him an opportunity to file an amended complaint which included sufficient factual allegations to state a plausible claim for relief (*see* ECF No. 6). As there is no indication that providing Reed yet another opportunity to amend would produce a pleading which states a

plausible constitutional claim, the undersigned recommends that Reed's claims be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's claims against Defendants be **DISMISSED** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); and

2. That the clerk of court be directed to enter judgment accordingly and close the case.

At Pensacola, Florida, this 31st day of August 2020.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**